49 P.3d 1140

**STATE of Arizona, Appellee,**

v.

**Raul Valdivia CARRASCO, Appellant.**

No. 1 CA–CR 01–0876.

Court of Appeals of Arizona,
Division 1, Department D.

June 27, 2002.

Redesignated as Opinion and Publication
Ordered July 23, 2002.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and John L. Saccoman, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Christopher V. Johns, Phoenix, Attorneys for Appellant.

## OPINION

PATTERSON, Judge.

¶ 1 Raul Valdivia Carrasco ("defendant") appeals his conviction and sentence for one count of aggravated driving while under the influence of intoxicating liquor ("DUI"), a class 4 felony. We affirm.

## BACKGROUND

¶ 2 Defendant, while driving his brother's car, pulled out onto Central Avenue in front of another car near Broadway Road. The oncoming car hit defendant's car, which continued to roll across the street into the median. Defendant then backed up his car and bumped and scraped the other car in an attempt to leave the scene. When defendant ignored requests from the passenger of the other car to remain at the scene, his license plate was reported to police and traced to defendant's brother's home.

¶ 3 Police later located defendant passed out in the car, parked on the street with the car keys in the seat next to him. Police observed that defendant had watery, bloodshot eyes, slurred speech, and smelled of alcohol. Defendant admitted to drinking a "12–pack," but refused to take a breath test, at which time police obtained a search warrant and collected a sample of defendant's blood.

¶ 4 Defendant moved to suppress the results of the blood alcohol test asserting that the blood was illegally seized when a medical assistant drew the blood in violation of Arizona Revised Statutes ("A.R.S.") section 28–1388(A) (Supp.2001). The trial court denied the motion, the parties stipulated to the results of the blood test, and a jury found defendant guilty. Defendant timely appealed. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1) (1992), 13–4031, –4033(A) (2001).

## DISCUSSION

¶ 5 We review the trial court's denial of a motion to suppress evidence for a clear abuse of discretion. *State v. Acinelli*, 191 Ariz. 66, 69, 952 P.2d 304, 307 (App.1997). Questions of law, however, we review *de novo*. *State v. Garcia*, 162 Ariz. 471, 473, 784 P.2d 297, 299 (App.1989).

¶ 6 Defendant asserts that the state illegally obtained his blood in violation of A.R.S. § 28–1388(A) because the person who drew his blood was not a "qualified person" and therefore, fell within the limitations of A.R.S. §§ 32–1401(16) and 32–1456 (Supp. 2000). We find no merit to defendant's argument and affirm.

¶ 7 Section 28–1388(A) defines the class of persons who are statutorily authorized to draw blood for DUI purposes. It states:

If blood is drawn under § 28–1321, only a physician, a registered nurse or **another qualified person** may withdraw blood for the purpose of determining the alcohol concentration or drug content in the blood. The qualifications of the individual withdrawing the blood and the method used to withdraw the blood are not foundational prerequisites for the admissibility of a blood alcohol content determination made pursuant to this subsection.

A.R.S. § 28–1388(A) (emphasis added).

¶ 8 Both parties cite *State v. Olcavage*, 200 Ariz. 582, 30 P.3d 649 (App.2001), in support of their position. In *Olcavage*, this court addressed the issue of whether a phlebotomist was legally qualified to perform blood draws as a "qualified person" under § 28–1388(A). 200 Ariz. at 584, ¶ 1, 30 P.3d at 651. Defendant argues that *Olcavage* is factually distinct from the present case because here, the person who drew defendant's blood was a "medical assistant," not a phlebotomist. Defendant claims that since the blood was drawn by a medical assistant, defined under A.R.S. § 32–1401, direct supervision by a doctor, physician assistant or nurse practitioner was required. *See* A.R.S. § 32–1456. We disagree.

¶ 9 Although the person who drew the blood in *Olcavage* was certified in phlebotomy, the court did not limit the scope of "qualified person" to "certified phlebotomist." 200 Ariz. at 587–88, ¶ 20, 30 P.3d at 654–55. First, the court defined phlebotomist as "a person who, through training or experience, is competent to draw blood." *Id.* at 588, ¶ 21, 30 P.3d at 655 (citing *PDR Medical Dictionary* 1350 (1995)). Accordingly, the court held that "a person is 'qualified' to draw blood for DUI purposes if he or she is competent, by reason of training or experience in that procedure." *Id.* at 588, ¶ 20, 30 P.3d at 655. We find nothing in the court's holding or definition of phlebotomist to require official certification before an individual is a "qualified person" under § 28–1288(A). The person need only demonstrate competence through training or experience.

¶ 10 As for defendant's argument that the present case is different because the person who drew defendant's blood was a "medical assistant," we find no support. In *Olcavage*, this court specifically stated that "persons who draw blood for DUI purposes are not acting as medical assistants" and therefore, "the regulations prohibiting medical assistants from drawing blood in the absence of a doctor, physician's assistant, or nurse practitioner, do not apply to persons drawing blood for DUI purposes under section 28–1388(A)." *Id.* at 587, ¶ 18, 30 P.3d at 654. Thus, here, the trial court only needed to determine the competence of the person who drew defendant's blood through evidence of training or experience.

¶ 11 At the hearing on the motion to suppress, the state presented testimony from the person who drew defendant's blood. The

testimony showed that the person completed an accredited program, performed numerous blood draws under an instructor's supervision, participated in an externship, and worked as a phlebotomist since 1998. Additionally, defense counsel did not contest the fact that the person was "qualified to draw blood." Therefore, the record demonstrates sufficient evidence of training and experience in phlebotomy to support the trial court's denial of the motion to suppress.

## CONCLUSION

¶ 12 Because we find sufficient evidence of experience and training, and because under the holding in *Olcavage*, Title 32 does not apply to persons who draw blood for DUI, we find no abuse of discretion and affirm.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and JOHN C. GEMMILL, Judge.